IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00351-F-9
No. 5:16-CV-00826-F

| | |
|---|---|
| TERESA DARDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Teresa Darden has filed a motion for relief pursuant to 28 U.S.C. § 2255 [DE-675]. For the reasons set forth below, the court will summarily dismiss Darden's motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

I. FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 2012, Darden was charged in three counts of a twenty-four count indictment. *See* Indictment [DE-1]. In Count One, Darden was charged with conspiracy to manufacture, distribute, dispense, and possess with the intent to distribute five hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. *See id.* Count Three charged Darden with possession with the intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See id.* In Count Seventeen, Darden was charged with possession of pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1). *See id.*

At Darden's arraignment, held on January 28, 2013, she pled guilty to Count One pursuant to a written plea agreement [DE-235]. It was agreed that at sentencing, the Government would move to dismiss Counts Three and Seventeen. *Id.* at 5.

Darden's sentencing was held on January 9, 2014. Darden was sentenced to 240 months' imprisonment, life supervised release, and restitution in the amount of $952.38. *See* Judgment [DE-419]. Darden did not file a direct appeal.

On September 27, 2016, Darden filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-675]. In her motion, Darden argues that she is entitled to relief pursuant to Amendment 794. *Id.* at 4-5, 7.

## II. LEGAL STANDARD

Rule 4 of the Rules Governing Section 2255 Proceedings ("2255 Rules") requires both a preliminary review of a § 2255 motion and a summary dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 2255 Rules, Rule 4(b); *accord* 28 U.S.C. § 2255(b); *see Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (stating "[w]here the files and records *conclusively* show that the prisoner is entitled to no relief, summary dismissal is appropriate") (emphasis in original). Because Petitioner is proceeding *pro se*, the court must construe her motion liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

Darden contends that she is entitled to relief under Amendment 794 to the United States Sentencing Guidelines. *See* Mot. Vacate [DE-675] at 4-5, 7. Amendment 794 amended the

2

Commentary to U.S.S.G. § 3B1.2, which addresses a mitigating role in the offense.[1] *United States v. Donis-Galan*, No. 15-11209, 2016 WL 1238205, at *2 n.2 (11th Cir. March 30, 2016). Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether or not to apply a mitigating role adjustment.[2] *United States v. Gomez-Valle*, No. 15-41115, 2016 WL 3615688, at *4 (5th Cir. July 5, 2016). Amendment 794 also states that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.*

Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10 lists those Guideline amendments that have been made retroactively applicable to defendants on collateral review, and Amendment 794 is not listed. *United States v. Perez-Carrillo*, No. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *2 (W.D. Va. Aug. 26, 2016). Consequently, Darden is not entitled to relief under Amendment 794.

## IV. CONCLUSION

For the foregoing reasons, Darden's Motion to Vacate [DE-675] is SUMMARILY

---

[1] The effective date of Amendment 794 was November 1, 2015. *See* U.S.S.G. app. C, amend. 794, at 118 (Supp. Nov. 1, 2015).

[2] The factors are "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity"; and "(v) the degree to which the defendant stood to benefit from the criminal activity." *See* U.S.S.G. app. C, amend. 794, at 116 (Supp. Nov. 1, 2015).

DISMISSED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct).

SO ORDERED.

This the ⩕ day of October, 2016.

James C. Fox
JAMES C. FOX
Senior United States District